### WIDMAN et al. v. STRAUKAMP et al.

(Supreme Court, Appellate Term. May 29, 1905.)

1. SALES—DELAY IN DELIVERY—LIABILITY OF SELLER.
   The stipulation in an order for the sale of goods that it is taken subject to delays or nondelivery for any reason beyond the control of the sellers is binding on the buyers.

2. SAME.
   The stipulation in an order for the sale of goods that delivery will be made as soon as possible after a certain future date is binding on the buyers.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Joseph Widman and others against Henry J. Straukamp and others. From a judgment in favor of defendants, and an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Weinstein & Tevin, for appellants.
Ira Bliss Stewart, for respondents.

PER CURIAM. If these appeals be treated as bringing up all the questions of law and fact, still the judgment and order appealed from should be affirmed. For the purposes of the appeals the orders of February 6th and July 8th may be considered as binding on the defendants. The order of February 6th was taken subject to delays or nondelivery caused by strikes, accidents, or for any reason beyond the control of the defendants. It was shown on the trial that the reason the goods were not delivered before the 15th of November was a reason beyond the control of the defendants. The goods, under the order of July 8th, were to be delivered as soon as possible after September 15th. The defendants attempted to deliver on the 15th of November, but the plaintiffs refused to ac-

cept the delivery.   The evidence was sufficient to warrant the judge in finding that the defendants delivered as soon as possible after September 15th, and that therefore the breach was the plaintiffs' breach, and not that of the defendants.

Judgment and order appealed from affirmed, with costs.